Yoav M. Griver, Esq.
Anthony I. Giacobbe Jr., Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRONSHORE SPECIALTY INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>v.<br><br>CEDAR GROVE COMPOSTING, INC., CEDAR GROVE COMPOSTING FACILITY, and CEDAR GROVE, INC.,<br><br>                              Defendants. | Case No.:   15-CV-975 (NRB)<br><br>**DEFENDANT CEDAR GROVE COMPOSTING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |

Without waiver of its pending Motion to Stay or its objections regarding lack of jurisdiction, Defendant Cedar Grove Composting, Inc. ("Defendant" or "Cedar Grove") hereby responds to Plaintiff Ironshore Specialty Insurance Company's ("Plaintiff" or "Ironshore") Complaint for Declaratory Relief and Damages ("Complaint") and alleges as follows:

## NATURE OF THE ACTION

1.   Paragraph 1 of the Complaint does not require an answer. To the extent any answer is required, Cedar Grove denies that Plaintiff is entitled to the relief specified in Paragraph 1, incorporates by this reference its answers below to the remaining

paragraphs of the Complaint, and denies any remaining allegations contained in Paragraph 1. Cedar Grove further states that this action involves the same parties and the same issues as the prior filed action pending in the United States District Court for the Western District of Washington titled *Cedar Grove Composting, Inc. v. Ironshore Specialty Insurance Company*, No. 2:14-cv-01443-RAJ (hereafter "Washington Action"). This action should therefore be stayed, dismissed or enjoined and the claims alleged herein resolved by the Court in the Washington Action. In the event this action is not stayed, dismissed or enjoined under the first-to-file rule, this action should be dismissed for lack of personal jurisdiction over Cedar Grove.

## PARTIES

2. Cedar Grove lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 and, on that basis, denies those allegations.

3. Cedar Grove admits that it is a Washington corporation with its principal place of business in King County, Washington.

4. Cedar Grove denies the allegations contained in Paragraph 4.

5. Cedar Grove denies the allegations contained in Paragraph 5.

## VENUE

6. Paragraph 6 contains legal conclusions for which no answer is required. To the extent any answer is required, Cedar Grove denies that jurisdiction or venue is proper in this Court, denies Ironshore's allegations regarding the location of

Ironshore's principal offices for lack of knowledge or information sufficient to form a belief as to truth or falsity, and denies the remaining allegations contained in Paragraph 6.

## UNDERLYING EVENTS

7. Cedar Grove admits the allegations contained in Paragraph 7.

8. Cedar Grove states that the phrase "history of odor complaints" contained in Paragraph 8 is vague and cannot reasonably be responded to and, on that basis, denies the allegations contained in Paragraph 8 for lack of knowledge or information sufficient to form a belief as to truth or falsity, further averring that it provided Ironshore with any and all reasonably available information requested by Ironshore with regard to any such alleged odor issues and/or claims, that Ironshore fully evaluated those issues for itself before agreeing to provide insurance coverage to Cedar Grove, and that, despite its own knowledge, evaluation, and investigation of those issues, Ironshore nevertheless agreed to provide insurance coverage for losses resulting from any such alleged odor issues and/or claims in return for the payment of substantial premiums by Cedar Grove, including, without limitation, attorneys' fees and other defense costs incurred in defending such claims.

9. Cedar Grove admits the allegations contained in Paragraph 9.

10. Answering Paragraph 10, Cedar Grove states that the complaints in the Underlying Actions referred to in Paragraph 10 are written documents that speak for themselves.

## THE POLICIES

11. Cedar Grove admits that it provided timely notice of the Underlying Actions to Ironshore, seeking defense and indemnity with respect to the same.

12. Answering Paragraph 12, Cedar Grove states that, while Ironshore technically agreed to defend Cedar Grove in the Underlying Actions, it failed to honor that promise and timely or completely pay the defense costs incurred by Cedar Grove. Cedar Grove further states that the primary policy referred to in Paragraph 12 is a written document that speaks for itself, as do any reservation of rights letters issued by Ironshore. Cedar Grove denies the allegations contained in Paragraph 12 to the extent they are inconsistent or different from the contents of those documents.

13. Answering Paragraph 13, Cedar Grove states that, while Ironshore technically agreed to defend Cedar Grove in the Underlying Actions, it failed to honor that promise and timely or completely pay the defense costs incurred by Cedar Grove. Cedar Grove further states that the excess policy referred to in Paragraph 13 is a written, follow-form policy that speaks for itself, as do any reservation of rights letters issued by Ironshore. Cedar Grove denies the allegations contained in Paragraph 13 to the extent they are inconsistent or different from the contents of those documents.

14. Answering Paragraph 14, the contentions contained therein are legal conclusions regarding the interpretation and application of the insurance policies at issue for which no answer is required. Cedar Grove denies that Ironshore's coverage obligations are exhausted.

15. Answering Paragraph 15, Cedar Grove admits that, while Ironshore

has paid some of Cedar Grove's defense costs, it failed to honor its obligation to timely or completely pay those costs. Cedar Grove further denies that Ironshore's coverage obligations are exhausted and avers that Ironshore's failure to honor those obligations led to the filing of the Washington Action, a lawsuit in which the very same coverage "disputes" referenced in Paragraph 15 of Ironshore's complaint have been at issue since August of 2014. Finally, Cedar Grove denies that the Choice of Forum or Choice of Law clauses are valid or enforceable, averring further that Ironshore's filing of this action is an improper attempt to avoid the application of Washington law and further evidence of bad faith. Cedar Grove denies any remaining allegations contained in Paragraph 15.

## FIRST CAUSE OF ACTION

### (For Declaratory Relief, Coverage Part III – Against All Defendants)

16. Paragraph 16 does not require any answer. To the extent any answer is required, Cedar Grove incorporates by this reference each of its answers to Paragraphs 1 through 15 as if fully set forth herein.

17. Paragraph 17 contains allegations relating to the interpretation and application of an insurance policy, a document that speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

18. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 18 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy.

That document that speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

19. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 19 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

20. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 20 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

21. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 21 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

22. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 22 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

23. Paragraph 23 contains legal conclusions for which no answer is required. To the extent any answer is required, Cedar Grove admits that there is a controversy between the parties regarding coverage under the terms of the primary and excess policies issued by Ironshore, admits that this controversy is already the subject of the Washington Action filed in August of 2014, and denies that this Court has authority to issue the declaratory relief requested by Ironshore. Cedar Grove further denies that the Court should issue the declaration requested by Ironshore in the second sentence of Paragraph 23 and denies any remaining allegations for lack of knowledge or information sufficient to form a belief as to truth or falsity.

## SECOND CAUSE OF ACTION

### (For Declaratory Relief, Application of Previously Reported Claim Exclusion – Against All Defendants)

24. Paragraph 24 does not require any answer. To the extent any answer is required, Cedar Grove incorporates by this reference each of its answers to Paragraphs 1 through 23 as if fully set forth herein.

25. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 25 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

26. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 21 contains allegations

relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

27. Paragraph 27 contains legal conclusions for which no answer is required. To the extent any answer is required, Cedar Grove admits that there is a controversy between the parties regarding coverage under the terms of the primary and excess policies issued by Ironshore, admits that this controversy is already the subject of the Washington Action filed in August of 2014, and denies that this Court has authority to issue the declaratory relief requested by Ironshore. Cedar Grove denies that the Court should issue the declaration requested by Ironshore in the second sentence of Paragraph 27 and denies any remaining allegations for lack of knowledge or information sufficient to form a belief as to truth or falsity.

### THIRD CAUSE OF ACTION

#### (For Declaratory Relief, Claim First Made – Against All Defendants)

28. Paragraph 28 does not require any answer. To the extent any answer is required, Cedar Grove incorporates by this reference each of its answers to Paragraphs 1 through 27 as if fully set forth herein.

29. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 29 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

30. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 30 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

31. Paragraph 31 contains legal conclusions for which no answer is required. To the extent any answer is required, Cedar Grove admits that there is an actual controversy between the parties relating to the primary and excess policies issued by Ironshore, admits that this controversy is already the subject of the Washington Action filed in August of 2014, and denies that this Court has authority to issue the declaratory relief requested by Ironshore. Cedar Grove further denies that the Court should issue the declaration requested by Ironshore in the second sentence of Paragraph 31 and denies any remaining allegations contained in Paragraph 31 for lack of knowledge or information sufficient to form a belief as to truth or falsity.

## FOURTH CAUSE OF ACTION

### (For Declaratory Relief, Application Of Noncompliance Exclusion – Against All Defendants)

32. Paragraph 32 does not require any answer. To the extent any answer is required, Cedar Grove incorporates by this reference each of its answers to Paragraphs 1 through 31 as if fully set forth herein.

33. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 33 contains allegations

relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

34. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 34 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

35. Paragraph 35 contains legal conclusions for which no answer is required. To the extent any answer is required, Cedar Grove admits that there is a controversy between the parties regarding coverage under the terms of the primary and excess policies issued by Ironshore, admits that this controversy is already the subject of the Washington Action filed in August of 2014, and denies that this Court has authority to issue the declaratory relief requested by Ironshore. Cedar Grove further denies that the Court should issue the declaration requested by Ironshore in the second sentence of Paragraph 35 and denies any remaining allegations contained in Paragraph 35 for lack of knowledge or information sufficient to form a belief as to truth or falsity.

### FIFTH CAUSE OF ACTION

#### (For Declaratory Relief, Covered Damages – Against All Defendants)

36. Paragraph 36 does not require any answer. To the extent any answer is required, Cedar Grove incorporates by this reference each of its answers to

Paragraphs 1 through 35 as if fully set forth herein.

37. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 37 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

38. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 38 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

39. Paragraph 39 contains legal conclusions for which no answer is required. To the extent any answer is required, Cedar Grove admits that there is a controversy between the parties regarding Ironshore's indemnification obligations under the terms of the primary and excess policies issued by Ironshore and applicable law, admits that this controversy is already the subject of the Washington Action filed in August of 2014, and denies that this Court has authority to issue the declaratory relief requested by Ironshore. Cedar Grove further denies that the Court should issue the declaration requested by Ironshore in the second sentence of Paragraph 39 and denies any remaining allegations contained in Paragraph 39 for lack of knowledge or information sufficient to form a belief as to truth or falsity.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief, Control Of Defense – Against All Defendants)

40. Paragraph 40 does not require any answer. To the extent any answer is required, Cedar Grove incorporates by this reference its answers to Paragraphs 1 through 39 as if fully set forth herein.

41. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 41 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

42. Cedar Grove admits that Ironshore has attempted to improperly exert control over Cedar Grove's counsel by, among other tactics, refusing to pay their fees and attempting to replace Cedar Grove's attorneys with counsel beholden to Ironshore. In all other respects, the contents of Paragraph 42 is denied.

43. Paragraph 43 contains legal conclusions for which no answer is required. To the extent any answer is required, Cedar Grove admits that there is a controversy between the parties regarding the parties' rights and obligations under the primary and excess policies issued by Ironshore, admits that this controversy is already the subject of the Washington Action filed in August of 2014, and denies that this Court has authority to issue the declaratory relief requested by Ironshore. Cedar Grove further denies that the Court should issue the declaration requested by Ironshore in the second sentence of

Paragraph 43 and denies any remaining allegations contained in Paragraph 43 for lack of knowledge or information sufficient to form a belief as to truth or falsity.

## SEVENTH CAUSE OF ACTION

### (For Damages – Against All Defendants)

44. Paragraph 44 does not require any answer. To the extent any answer is required, Cedar Grove incorporates by this reference its answers to Paragraphs 1 through 43 as if fully set forth herein.

45. Confirming that this action involves the same coverage issues and defenses already at issue in the Washington Action, Paragraph 45 contains allegations relating to the interpretation and application of Ironshore's underlying primary policy. That document speaks for itself. Moreover, these allegations consist of legal conclusions for which no answer is required.

46. Answering Paragraph 46, Cedar Grove admits that Ironshore Specialty has paid defense costs incurred in the Underlying Actions in excess of $500,000.00 and denies any remaining allegations contained in Paragraph 46 or that these allegations entitle Ironshore to any relief sought.

47. Paragraph 47 contains legal conclusions for which no answer is required. To the extent any answer is required, Cedar Grove denies the allegations contained in Paragraph 47.

## PLAINTIFF'S PRAYER

No response is required to Plaintiff's Prayer for Relief. To the extent that

any response is required, Cedar Grove denies that Plaintiff's Prayer for Relief in this Court is proper or that Plaintiff is entitled to any relief sought.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and by way of affirmative defenses, Cedar Grove alleges as follows:

## FIRST DEFENSE

Plaintiff's Complaint should be stayed, dismissed or enjoined under the First-to-File Rule.

## SECOND DEFENSE

Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

## THIRD DEFENSE

Plaintiff's Complaint should be dismissed to the extent that Plaintiff has failed to state a claim for relief.

## FOURTH DEFENSE

Plaintiff's claims fail under the terms of the applicable primary and excess insurance policies.

## FIFTH DEFENSE

Plaintiff's claims fail in whole or in part under principles of waiver, estoppel and/or unclean hands.

## SIXTH DEFENSE

Plaintiff's claims fail, in whole or in part, under the applicable substantive law of the State of Washington.

## SEVENTH DEFENSE

Plaintiff's claims fail, in whole or in part, based on Plaintiff's own bad faith conduct and breach of the duty of good faith and fair dealing.

## EIGHTH DEFENSE

Plaintiff's claims fail for the reasons identified in the pleadings filed against Plaintiff in the Washington Action.

## NINTH DEFENSE

Cedar Grove hereby gives notice that if this action proceeds in this Court it intends to rely upon any other defense that may become available or appear during the discovery process in this case or in the Washington Action, and hereby reserves the right to amend its Answer and Affirmative Defenses to assert any such defenses.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Cedar Grove requests that the Court grant the following relief:

A. An Order staying or dismissing this action pending the outcome of the prior pending Washington Action;

B. An Order dismissing this action for lack of jurisdiction;

C. In the event that any of Ironshore's coverage claims are allowed to proceed

in this Court notwithstanding the prior pending Washington Action and claimed lack of personal jurisdiction in this Court over Cedar Grove, Cedar Grove will seek an award of Judgment in Cedar Grove's favor against Ironshore as to those claims, including for the following relief: (a) judgment declaring that Ironshore is obligated to defend and indemnify Cedar Grove against the claims alleged in the Underlying Actions; (b) judgment for other damages as may be proven at trial; (c) an award of costs and attorney's fees; (d) prejudgment interest; and (e) such other and further relief as the Court may deem just and equitable.

Dated:   New York, New York
         May 8, 2015

                                            ZEICHNER ELLMAN & KRAUSE LLP

                                            By: _____
                                            Yoav M. Griver, Esq.
                                            Anthony I. Giacobbe, Jr., Esq.
                                            Attorneys for Defendant
                                            1211 Avenue of the Americas
                                            New York, NY 10036
                                            (212) 223-0400

TO:   ADAM STEIN, ESQ.
      Attorneys for Plaintiff
      Cozen O'Connor
      45 Broadway Atrium
      Suite 1600
      New York, NY 10006
      (212) 453-3728