May 18, 2015



**Adam Stein**

Direct Phone   212-453-3728
Direct Fax 646-461-2089
adamstein@cozen.com

The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Ironshore Specialty Insurance Company v. Cedar Grove Composting, Inc.*
      **Cause No. 15-cv-975 (NRB)**

Dear Judge Buchwald:

Pursuant to this Court's Individual Practices, plaintiff Ironshore Specialty Insurance Company ("Ironshore") respectfully requests that a pre-motion conference be held and permission granted for the filing of a motion to compel defendant Cedar Grove Composting, Inc. ("Cedar Grove") to meet with Ironshore as required under Fed. R. Civ. P. 26(f), or, in the alternative, for an order pursuant to Fed. R. Civ. P. 26(d)(1) granting Ironshore authority to seek discovery from Cedar Grove relating to its lack of personal jurisdiction defense.

As the Court is aware, on January 9, 2015, Ironshore commenced this declaratory judgment action in the Supreme Court of the State of New York, the jurisdiction dictated by the Choice of Forum provision found in the Ironshore excess insurance policy at issue in this case. The action was subsequently removed to this Court by Cedar Grove on February 10, 2015 and there is currently pending before the Court Cedar Grove's April 2, 2015 motion to stay this action pending determination of a First-To-File motion filed by Cedar Grove on February 26, 2015 in a matter pending in the Federal District for Western District of Washington. Finally, there is also pending before the Washington Court, Ironshore's motion to dismiss the complaint in that action. All three of these motions are *sub judice* and without decision.

On April 1, 2015, and in a May 1, 2015 letter and by telephone several times thereafter, Ironshore requested that Cedar Grove participate in a Rule 26(f) conference for purposes of obtaining an agreed upon discovery plan for this action. Cedar Grove's position, first communicated on April 2, 2015 and consistently maintained thereafter, was that the requested conference was "premature" based on the pendency of defendant's stay motion, and was further objected to in light of Cedar Grove's challenge to this Court's jurisdiction, concluding that "[f]or these reasons alone, it would be unnecessary and wasteful to conduct" the requested conference. Other reasons given for Cedar Grove's refusal to comply with its Rule 26 obligations was that the sought after discovery was available to Ironshore in the Washington Action, and a throw away argument that because Cedar Grove's counsel in the Washington Action had not as yet submitted *pro hac* applications in this Court "[n]o Rule 26 conference should proceed in their absence."[1]

---

[1] Ironically, the fact that Cedar Grove's Washington-based counsel are not presently admitted in this Court was not seen as an obstacle to their appearing via telephone in the sought after pre-motion conference preceding its stay motion, as indicated in the final paragraph of Cedar Grove's February 27, 2015 letter to the Court requesting that they be allowed to participate in that manner.

Nevertheless, and despite its unsupportable position that the mere filing of a motion for a stay, without more, suspends indefinitely a party's obligations under the Federal Rules, on May 8, 2015 Cedar Grove filed its answer to Ironshore's complaint. That answer (which, in point of fact, was due for filing on February 27, 2015) contained the as yet untested affirmative defense of lack of personal jurisdiction and issue on this defense and the various other claims and defenses raised in the parties' pleadings is now joined.

As Ironshore has repeatedly pointed out, both in written correspondence and in conversations with Cedar Grove's New York-based counsel, it is not proper for Cedar Grove to affirmatively deny *in personam* jurisdiction in New York based on a purportedly "invalid" forum selection clause it claims was never intended as part of the parties' agreement and otherwise is "void," while simultaneously resisting even limited discovery necessary to permit a fully informed decision by the Court whose jurisdiction is challenged.[2] We also pointed out that contrary to Cedar Grove's other objection to proceeding with the requested Rule 26(f) conference, discovery on this issue is not "available" to Ironshore in the Washington Action, Cedar Grove's assertion to that effect being clearly at odds with the statement [in written correspondence from its counsel] that "the Forum Selection Clause you repeatedly reference is void as a matter of law, making *any* discovery of the clause unnecessary and wasteful."[3]

As detailed in Ironshore's March 5, 2015 letter to the Court in connection with Cedar Grove's stay motion, Cedar Grove's anticipated and oft-repeated assertion that the Washington and New York actions are "parallel" is incorrect and affords no basis for Cedar Grove's unilaterally declaring its Rule 26(f) obligations in Washington a viable proxy for its discovery obligations here, especially given Cedar Grove's contradictory statement declaring any forum-related discovery "unnecessary and wasteful." So too Cedar Grove's anticipated argument that requiring it to participate in discovery in this action, even to the limited extent requested, would be unduly burdensome and involve "overlapping discovery practice in two separate jurisdictions." That position, as we've pointed out, is difficult to reconcile with the fact that although Cedar Grove's Washington Complaint contains over 20 paragraphs of allegations regarding claims handling, its answer in the New York Action barely mentions claims handling at all.  Indeed, as Cedar Grove's Washington counsel stated in an e-mail note on May 1, 2015 when discussing Ironshore's document production:

---

[2] For example, in its April 27, 2015 reply submission in connection with its motion for a stay, Cedar Grove baldly represented – without citing *any* evidence or support -- that the Choice of Forum clause was not "…intended to be part of the excess policy [because] Cedar Grove expressly requested that the clause be removed from Ironshore's policy, Ironshore indicated that it would do so, and Cedar Grove was led to believe" accordingly. This is precisely the sort of untested assertion Ironshore is seeking discovery on and which Cedar Grove seeks to avoid.

[3] The clause in question reads unambiguously as follows:

> In the event that the insured and we have any dispute concerning or relating to this policy, including its formation, coverage provided hereunder, or the meaning, interpretation or operation of any term, condition, definition or provision of this policy resulting in litigation, arbitration or other form of dispute resolution, the insured agrees with us that any such litigation shall take place in the appropriate federal or state court located in New York, New York and any arbitration or other form of dispute resolution shall take place in New York, New York.

In terms of the underwriting file, my guess is the bulk of the 10k pages referenced in your email are actually documents that Cedar Grove provided to Ironshore during the underwriting process, *meaning that they have little (if anything) to do with the issues actually in play in this case.*

*What is in play is your client's handling of Cedar Grove's claim.* (Emphasis supplied.)

In similar vein, because the excess policy's Choice of Forum provision is not properly before the court in Washington -- nor should be because the Primary Policy solely at issue in that case does not have a forum selection clause -- there is no overlap or unnecessary burden in proceeding with discovery on this issue in New York as Ironshore has diligently been attempting. Regardless, the fact that Cedar Grove views forum-related discovery as superfluous suggests it would be objected to in Washington, even if sought, and virtually assures that no overlap or duplication of efforts will occur regarding this, or for that matter any other underwriting and coverage issues relating to the Ironshore Excess Policy that are uniquely the subject of this case.

Having put at issue its claims and defenses in its recently filed answer, it is simply untenable for Cedar Grove to engage in self-help, maintaining as it does that it may selectively comply with or ignore, as it alone sees fit, its obligations under the Federal Rules, including those contained in Rule 26(f). It is equally untenable for Cedar Grove to seek a ruling on its stay motion based on unsupported representations about what Cedar Grove "expressly requested" and "was led to believe" in the negotiations leading up to the Excess Policy's issuance and on Cedar Grove's unilateral characterization of what "Ironshore indicated," before targeted discovery has been taken into each of these assertions.

For the foregoing reasons, Ironshore respectfully requests that a pre-motion conference be held, or, in the alternative, that it be allowed to file the described motion in support of the discovery it seeks.

Respectfully submitted,

Adam I. Stein